Submitted on record and brief September 17, reversed and remanded
December 15, 1993

Charles VANDERPOOL
and Kathy Vanderpool,
husband and wife,
*Appellants,*

*v.*

Steven SAWYER,
*Respondent.*

(92-150-E-6; CA A78476)

865 P2d 446

William P. Koontz filed the brief for appellants.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs appeal the dismissal, for lack of subject matter jurisdiction, of their action to quiet title to a mobile home in which they claim an interest.[1] ORCP 21A. We reverse.

Plaintiffs allege that they own a mobile home located in Central Point. They also allege that defendant purchased the rights in the mobile home of a person named Caldwell at an Internal Revenue Service sale, which was based on a levy and execution against Caldwell. Plaintiffs allege that Caldwell had no rights in the property at the time of the sale. Finally, they assert that the sale was invalid because of certain procedural deficiencies. They ask the court to quiet title in the property in them and to declare that defendant has no rights in it.

Defendant moved to dismiss, arguing that plaintiffs' claim was for wrongful levy under 26 USC § 7426,[2] which is

---

[1] Defendant argued below that a quiet title action under ORS 105.605 relates only to real property, and that a mobile home is personal property. We do not address that issue, because the trial court dismissed on the basis of 26 USC § 7426, and plaintiffs do not argue the issue on appeal.

[2] 26 USC § 7426 provides, in part:

"(a) **Actions Permitted.** —

"(1) **Wrongful Levy.** — If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

"* * * * *

"(b) **Adjudication.** — The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:

"(1) **Injunction.** * * *

"(2) **Recovery of Property.** — If the court determines that such property has been wrongfully levied upon, the court may —

"(A) order the return of specific property if the United States is in possession of such property;

"(B) grant a judgment for the amount of money levied upon; or

"(C) if such property was sold, grant a judgment for an amount not exceeding the greater of —

"(i) the amount received by the United States from the sale of such property or

"(ii) the fair market value of such property immediately before the levy."

plaintiffs' exclusive remedy and is within the exclusive jurisdiction of federal courts. Plaintiffs responded that 26 USC § 7426 relates to claims for wrongful levy against the United States, but that this claim is for a determination of rights in property between private parties, *i.e.* plaintiffs and the purchaser. The trial court concluded that the gist of plaintiffs' complaint is that defendant obtained the property through an illegal or improper levy. It recognized that the exclusive remedy for a third party (nontaxpayer) damaged by an improper IRS levy is provided by 26 USC § 7426, which would require joining the IRS as a party and filing in federal court. Accordingly, it granted defendant's motion to dismiss.

Plaintiffs appeal. They argue that the trial court erred in holding that an action under 26 USC § 7426 is plaintiffs' exclusive remedy and that the federal court has exclusive jurisdiction. They reiterate the arguments made to the trial court. Defendant does not appear on appeal.

In *World Marketing, Ltd. v. Hallam,* 608 F2d 392 (9th Cir 1979), the Ninth Circuit answered in the affirmative the precise question before us in this case: May a nontaxpayer, who claims an interest in property that has been sold by the IRS to satisfy the tax liability of another person, bring an action in state court to determine the respective interests of the purchaser of the property and the nontaxpayer. There, a nontaxpayer brought an action in state court to quiet title to a sail boat, which the IRS had seized and sold for another's non-payment of taxes. World Marketing claimed that it had purchased the boat from the taxpayer before the IRS seized and sold it, and that title to the boat properly belonged to it. The defendant, who had bought the boat from the purchaser at the IRS sale, sought and received removal of the case to federal district court. World Marketing's motion to remand to state court was denied, and its action was dismissed on the basis that its exclusive remedy is a claim against the United States under 26 USC § 7426.

The Ninth Circuit reversed, holding that title to the boat presented a question of state law, and that the court should not have dismissed the state law claim and should have remanded to state court. It explained that World Marketing "is not limited to claims under § 7426 and that its claims against [the defendant] present a question of state

law." 608 F2d at 394. It reasoned that the purpose of section 7426 was to create a remedy against the United States government, and that neither the statute nor the legislative history of the statute addresses third-party claims against the possessor of disputed property. Although section 7426 governs the actions of a nontaxpayer against the United States, it "does not preclude one with an interest in property seized and sold by the United States from pursuing a claim against a subsequent purchaser in state court." 608 F2d at 394.

The court found support for its conclusion in decisions from other circuits. For example, in *Crow v. Wyoming Timber Products Co.*, 424 F2d 93 (10th Cir 1970), that court noted that section 7426 is inapplicable to defendants other than the United States:

> "No federal question appears on the face of the complaint before us, which simply alleges plaintiff's ownership and entitlement to [the property] and defendants' wrongful detention. It presents a state law question because state rather than federal law determines the nature and extent of the taxpayer's interest in property to which a federal tax lien can attach." 424 F2d at 96.

The Ninth Circuit also noted in *World Marketing* "that claims against the United States pursuant to § 7426 are distinct from claims against individuals, and that both can spring from a seizure and sale of property by the IRS." 608 F2d at 395. Finally, it said directly what it had intimated in *Omnibus Financial Corp. v. United States*, 566 F2d 1097 (9th Cir 1977), that "one with an interest in property wrongfully levied by the United States has a cause of action against a subsequent purchaser." 608 F2d at 395.

Both defendant and the trial court relied on *Winebrenner v. U.S.*, 924 F2d 851 (9th Cir 1991), in which the Ninth Circuit said that "the exclusive remedy by a third party whose property has been levied upon or sold by the Internal Revenue Service is an action pursuant to Section 7426 * * *." 924 F2d at 855. Winebrenner was the record owner of property that the IRS believed was actually owned by a delinquent taxpayer. The IRS named Winebrenner as a nominee of the taxpayer and levied on the property. Winebrenner filed an action in federal district court against the United States and the district director of the IRS, seeking to quiet title under 28

USC § 2410[3] and to remove the tax lien from his property under 26 USC § 7426. The issue before the court was narrow: whether a nontaxpayer could bring a quiet title action *against the United States* under 28 USC § 2410, or whether the exclusive remedy for wrongful levy was under 26 USC § 7426. The court held that Winebrenner's exclusive remedy against the United States was under 26 USC § 7426, which relates specifically to actions by nontaxpayers against the United States for wrongful levy, and therefore he could not pursue a quiet title action against the United States under the general provisions of 28 USC § 2410.[4]

Because plaintiffs' action in this case is for relief against the tax sale purchaser for quiet title and not against the United States, *World Marketing* applies and *Winebrenner* does not. Whether defendant acquired any interest in the property depends on whether Caldwell had any interest that could be sold by the IRS, which is a question of state law, or whether the sale was valid. Although the validity of the sale may have to be determined by reference to federal tax lien procedures, that determination is merely an incident to the state law question of the relative interests of two private parties in property. It does not transform an action for quiet title against a tax sale purchaser into an action for wrongful levy, which must be brought against the United States under 26 USC § 7426. Accordingly, 26 USC § 7426 does not apply.

The trial court erred in dismissing the complaint.

Reversed and remanded.

---

[3] 28 USC § 2410 waives sovereign immunity by permitting the United States to be named as a party in any civil action seeking to quiet title to, or foreclose a lien upon, "property on which the United States has or claims a mortgage or other lien."

[4] The court noted that the district court had dismissed, relying in part on *World Marketing, Ltd. v. Hallam, supra.* It said that it did not address in that case "the question presented here of whether Section 7426 precludes actions for quiet title under Section 2410 * * *." 924 F2d at 854 n 3. That statement shows why *Winebrenner* is inapplicable here: This is neither an action to quiet title against the United States under 28 USC § 2410 nor an action for wrongful levy against the United States under 26 USC § 7426. It is simply an action for a determination, under state law, of the interests of private parties in certain property. Neither 28 USC § 2410 nor 26 USC § 7426 is implicated.